IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMERY LEE, | : | Civil No. 3:19-cv-2185 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN DOUGLAS K. WHITE, | : | |
| Respondent | : | |

## MEMORAMDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner, Emery Lee ("Lee"), a federal inmate confined at the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania. Lee challenges the Federal Bureau of Prisons' (BOP) rejection of an administrative remedy filing as untimely. (Doc. 1, p. 6). For the reasons set forth below, the petition will be dismissed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself...." <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970). Preliminary review reveals that the petition is subject to summary dismissal.

I.  **Background**

Lee alleges that he initially filed an administrative remedy on August 22, 2019, which the BOP denied on August 29, 2019. (Doc. 1, p. 7). He states that despite the timely filing of an appeal, the BOP denied it as untimely. (Id.). The BOP denied all subsequent attempts to appeal as untimely. (Id.). He challenges the BOP's interpretation of 28 C.F.R. § 542.11 and asserts that the actions taken "demonstrate a concerted effort to deny Petitioner access to the Administrative Remedy process. (Id. at 7).

As relief, he seeks to "vacate the decision of the BOP's interpretation and issue an order directly the respondent to address the matter; issue injunctive relief so that other inmate's administrative remedy are [sic] not rejected in this manner." (Id. at 8).

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer,

288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Lee does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he asserts that the BOP's actions in rendering his administrative remedy as untimely, imposes limitations on, and violations of, certain rights. Because he is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Lee may have to reassert his present claims in a properly filed civil rights complaint.

### III. Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: January 22, 2020